Battle, J.
 

 The debts alledged to be due from the defendant, John Blackwell, to the defendants, E. M. Blackwell, Mills and Abrams, for the security of which, the mortgages, which the plaintiffs seek to set aside, were given, are clearly proved to be fair and
 
 Iona fide
 
 debts, founded upon sufficient and valuable considerations. The plaintiffs virtually admit the truth of this, but they alledge that the debts have been paid and the mortgages satisfied and abandoned. In support of their allegations, they rely, mainly, upon the clearly established fact, that after the mortgages in question were executed, John Blackwell, the mortgagor, remained in possession of the mortgaged premises for more than ten years, and, as the plaintiffs state, without the payment of any part of the principal or interest of the debts to the mortgagees, or either of them, and without the acknowledgement of the existence of the debts within that time. The plaintiffs insist, therefore, upon the presumption of law, that the debts have been paid, and, consequently, that the mortgages themselves have been satisfied and abandoned. If all these allegations be true, the legal consequence contended for by the plaintiffs, is clearly established by the authorities cited by their counsel. See, among others, the cases
 
 of-Lyerly
 
 v.
 
 Wheeler,
 
 3 Ired. Eq. 599, and
 
 Roberts
 
 v.
 
 Welch,
 
 8 Ired. Eq. 287. But the defendants deny the statement that no part of the interest, due on these debts, has been paid, and, on the contrary, aver that it was regularly paid every year, until the year, 1848. They state the manner in which the payments were made, and produce the bonds mentioned in the pleadings, of $6000 and $3500, with an endorsement on each in the hand-writing of E. M. Blackwell, of a certain amount of interest paid thereon. The
 
 *77
 
 account for $1943.34, which is one of the debts mentioned in, and secured by, one of the mortgage deeds is also produced ; upon which there is no endorsement of the payment of interest, but the defendants aver positively that the interest was paid on that also, as well as on the bonds, up to the time mentioned above. If these allegations of the defendants be true, then the same authorities to which we have already referred, show that the presumption for which the plaintiffs contend is rebutted. The question then arises: are they sufficiently proved, so that the Court can declare them to be true ? The defendants contend that they are fully and sufficiently proved by their direct and positive answer to special interrogatories put to them by the plaintiffs upon those very points; and that the plaintiffs have not shown any thing to repel the force of the evidence thus furnished by the answer. In support of this position, the defendants rely upon 2 Stor. Eq., sec. 1528; 2 Fonb. Eq. B. 6 ch. 2, sec. 3, note g;
 
 Pember
 
 v.
 
 Mathers, 1
 
 Bro. Ch. Cases 52, and
 
 Chaffin
 
 v. Chaffin, 2 Dev. and Bat. Eq. 255. The plaintiffs deny the application of the rule to the present case, because, they say, that the allegation of the defendants with -regard to the payment of interest on the debts, was denied by the replication, put in to the answer; that such allegation was a matter of defense set up by the defendants which they were bound to prove by testimony, and that their answer, being thus denied by the replication, was not evidence for them. For this, is cited
 
 Lyerly
 
 v. Wheeler, 3 Ired. Eq. 170 and 599, and it is also supported by
 
 Gillis v.
 
 Martin, 2 Dev. Eq. 470. The plaintiff’s position would have been completely sustained if they had not made statements in their bill with regard to the payment of interest on the debts, and called upon the defendants by special interrogatories to answer them. They thereby made the defendants witnesses as to that fact, and the answer was thus made evidence for the defendants, as well as against them. This is shown by the case of
 
 Lylerly
 
 v. Wheeler, cited and relied upon by the plaintiffs, themselves. In that case, at page 601, the Court say “ An answer after replication is not evidence for the defendant, ex
 
 *78
 
 cept as it is made so by discoveries called for in the bill, and which are x’esponsive to direct charges or special interrogatories.” The other authorities which have been already referred to as being relied upon by the defendants, are to the same effect. Had the plaintiffs made no charges in their bill about the non-payment of interest, and asked no questions upon the subject, but simply stated the time when the bonds were given and the mortgages executed, and then relied upon the lapse of time, as affording a presumption of the payment of the debts, and a satisfaction and abandonment of the mortgages, the defendants would have been compelled to allege such payment in their answer as a fact, going to repel the presumption, and and then, upon a replication being put in, their answer would not have been evidence for them, and they must have failed in their defense, unless they could have produced proofs independent of their answer. These observations do not apply to the debt and mortgage for $3500, because the bond was payable two years after its date, in 1845, which brought it within the ten years before the bill for foreclosure, mentioned in the pleadings, was filed. As the only object of the bill was to set aside the mortgages, and as no account is prayed from the defendant Justice, the trustee, it has failed of its purpose, and must be dismissed with costs.
 

 Pee CukiaM, Pill dismissed.